

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 50373 | **DATE** | 10/3/2002 |
| **CASE TITLE** | SMITH vs. UNITED AIRLINES | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
　　☐ FRCP4(m)　☐ General Rule 21　☐ FRCP41(a)(1)　☐ FRCP41(a)(2).
(10) ■ [Other docket entry]　For the reasons set forth on the reverse Memorandum Opinion and Order, this case is remanded to the Circuit Court of the 17th Judicial Circuit, Winnebago County, Illinois for lack of subject matter jurisdiction. All pending motions are denied as moot.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| X | Notices mailed by judge's staff. | | OCT - 3 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| X | Copy to judge/magistrate judge. | 02 OCT -3 PM 2:11 | 10-3-02 date mailed notice | |
| /SEC | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

(Reserved for use by the Court)

# MEMORANDUM OPINION AND ORDER

Plaintiffs, Bradley F. Smith and his wife, Mary F. Turk, filed this action in state court against defendants, United Airlines, Inc. ("United") and Dean Mallett, alleging state law claims of negligence and loss of consortium. Plaintiffs allege negligence by both defendants caused injuries to Smith when Mallett, a passenger, opened the overhead luggage bin at the conclusion of a United flight and a briefcase fell out striking Smith, also a passenger, on the head. Turk's loss of consortium claims arise from the injuries sustained by Smith in this incident. United removed the case to this court asserting federal question jurisdiction. Plaintiff's complaint states no federal claims. United's notice of removal asserts "the entire field of airline safety, regulation, and certification is governed by federal law as set forth in the Federal Aviation Act and the Airline Deregulation Act", 49 U.S.C. § 40401, et seq., and regulations promulgated thereunder. (Notice of Removal, ¶4) Defendants have each separately moved for summary judgment. In a minute order entered August 21, 2002, the court questioned its subject matter jurisdiction and asked the parties for supplemental briefs on the issue.

To determine whether it has subject matter jurisdiction, the court must determine whether a state law negligence claim arising from being struck by luggage falling from the overhead bin on an airplane is completely preempted by the Federal Aviation Act (FAA) and Airline Deregulation Act (ADA). If it is not, the case was improperly removed from state court and this court lacks subject matter jurisdiction over it.[1]

"Only state court actions that originally could have been filed in federal court may be removed . . . by the defendant." Caterpillar Inc v. Williams, 482 U.S. 386, 392 (1987). Federal jurisdiction exists only if the federal question appears on the face of plaintiff's "well-pleaded" complaint. Id. Federal preemption is ordinarily raised as a defense and a case may not be removed on the basis of a federal defense, including preemption. Id. at 392-93. However, where an area of state law has been completely preempted any claim purportedly based on the preempted state law is considered a federal claim from its inception and is therefore removable. Id. at 393. The Seventh Circuit has held that Congress did not intend to completely replace state law with federal law nor intend to create a federal forum when it enacted the Federal Aviation Act. Vorhees v. Naper Aero Club, Inc., 272 F.3d 398, 403 (7th Cir. 2001) (holding state law trespass claims for entering the airspace over plaintiff's real estate were not "completely preempted" by federal law and ordering remand to state court for lack of subject matter jurisdiction.) Vorhees noted the absence in the Federal Aviation Act of any civil enforcement provisions or any provision allowing a private resident to sue for property torts and observed this absence was "seemingly fatal to a claim of complete preemption." Id. at 404. While here, plaintiff's claims are for personal injury arising from negligence rather than for trespass, the FAA lacks provision for private suits or civil enforcement for personal injury torts as well. Vorhees controls. The FAA does not completely preempt plaintiff's claims.

Similarly, the ADA does not completely preempt plaintiff's claims. This court previously has found that the preemption provision of the Federal Aviation Administration Authorization Act of 1994 (FAAAA), 49 U.S.C. § 14501(c), "does not evidence a Congressional intent to transfer jurisdiction over all preemption claims arising thereunder from state to federal courts." City of Rockford v. Raymond, No. 98 C 50353, 1999 WL 218549, at * 2 (N.D. Ill. April 14, 1999) (Reinhard, J.) The ADA preemption language at issue here, 49 U.S.C. § 41713(b) is identical to the FAAAA language in 49 U.S.C. § 14501(c) and the two should be applied in the same manner. Id. Accordingly, plaintiff's claims are not completely preempted by the ADA.[2]

Defendant makes reference to an "arising under" standard which it asserts is distinguishable from the standard for complete preemption established in Vorhees. However, the court cannot find a basis for avoiding the clear statement in Vorhees that the absence in the FAA of civil remedy provisions or the creation of a private right of action is fatal to a claim of complete preemption. Vorhees, 272 F.3d at 404; see also Raymond, 1999 WL 218549, at *2.

For the foregoing reasons, the court lacks subject matter jurisdiction over this case. The case is remanded to the Circuit Court of the 17th Judicial Circuit, Winnebago County, Illinois.

---

[1] Removal was based solely on federal question jurisdiction. Diversity of citizenship is not present since both plaintiffs and United are citizens of Illinois. See 28 U.S.C. § 1332 (c) (1).

[2] The court notes that two Courts of Appeals that have considered cases involving items falling from overhead bins have held 49 U.S.C. § 41713 (b) (1) does not, in the conflict preemption context, preempt state law tort claims for the injuries sustained. See Charas v. Trans World Airlines, 160 F.3d 1259 (9th Cir. 1998) (en banc); Hodges v. Delta Airlines, Inc., 44 F.3d 334 (5th Cir. 1995) (en banc).